USDC, CLERK, CHARLESTON, SC RECEIVED
2008 MAY 19 P 2: 23

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| MELODY REYNOLDS, | ) | C. A. No. 2:07-1930-CMC-RSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -versus- | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

This case is before the court pursuant to Local Rule 83.VII.02, D.S.C., concerning the disposition of Social Security cases in this District.

The plaintiff, Melody Reynolds, brought this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended (42 U.S.C. §§ 405(g) and 1383(c)(3)), to obtain judicial review of a final decision of the Commissioner of Social Security denying the plaintiff's claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act.

## ADMINISTRATIVE PROCEEDINGS

The plaintiff filed applications for disability insurance benefits and supplemental security income benefits on February 4, 2005, alleging that she became disabled to work on September 1, 2003, due to congestive heart failure, chronic obstructive pulmonary disease, hypertension, problems with swelling in knees,

feet, and ankles, lack of oxygen to extremities, and angina. (Tr. 57). The applications were denied initially and on reconsideration by the Social Security Administration. On June 19, 2006, the plaintiff requested a hearing. The administrative law judge before whom the plaintiff appeared with her attorney, considered the case de novo, and February 22, 2007, found that the plaintiff was not disabled under a disability as defined in the Social Security Act, as amended. (Tr. 15-20). The administrative law judge's opinion became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on June 11, 2007.

In making the determination that the plaintiff is not entitled to benefits, the Commissioner adopted the following findings of the administrative law judge:

> 1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2006.
>
> 2. The claimant has not engaged in substantial gainful activity since September 1, 2003, the alleged onset date (20 CFR 404.1520(b), 404.1571 et seq., 416.920(b) and 416.971 et seq.).
>
> 3. The claimant has the following severe impairments: chest pain (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

>   5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently.
>
>   6. The claimant is capable of performing past relevant work as a sewing machine operator. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).
>
>   7. The claimant has not been under a "disability," as defined in the Social Security Act, from September 1, 2003 through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

Tr. 17-20.

## STANDARD OF REVIEW

Under the Social Security Act, 42 U.S.C. § 405(g), the scope of review of the Commissioner's final decision is limited to: (1) whether the decision of the Commissioner is supported by substantial evidence and (2) whether the legal conclusions of the Commissioner are correct under controlling law. Myers v. Califano, 611 F.2d 980, 982-83 (4th Cir. 1988); Richardson v. Califano, 574 F.2d 802 (4th Cir. 1978). "Substantial evidence" is that evidence which a "reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 390 (1971). Such evidence is generally equated with the amount of evidence necessary to avoid a directed verdict. Shivey v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). The court's scope of review is specific and narrow. It does not

conduct a *de novo* review of the evidence, and the Commissioner's finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence. 42 U.S.C. § 405(g) (1982); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

The general procedure of a Social Security disability inquiry is well established. Five questions are to be asked sequentially during the course of a disability determination. 20 C.F.R. §§ 404.1520, 1520a (1988). An administrative law judge must consider (1) whether the claimant is engaged in substantial gainful activity, (2) whether the claimant has a severe impairment, (3) whether the claimant has an impairment which equals a condition contained within the Social Security Administration's official listing of impairments (at 20 C.F.R. Pt. 404, Subpart P, App. 1), (4) whether the claimant has an impairment which prevents past relevant work, and (5) whether the claimant's impairment prevents him from any substantial gainful employment. If an individual is found not disabled at any step, further inquiry is unnecessary. 20 C.F.R. § 404.1503(a); Hall v. Harris, 658 F.2d 260 (4th Cir. 1981). An administrative law judge's factual determinations must be upheld if supported by substantial evidence, and proper legal standards were applied. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

**ISSUES PRESENTED**

The plaintiff asserts that 1) the administrative law judge failed to perform a function by function assessment and the necessary findings regarding the plaintiff's residual functional capacity, 2) the administrative law judge failed to properly assess the plaintiff's ability to return to her past relevant work, 3) the administrative law judge failed to properly assess the treating physician's opinions as required by 20 CFR § 404.1527(d)(1)-(6), SSR 96-2p and SSR 96-5p, and 4) the administrative law judge failed to properly assess the plaintiff's pain.

**DISCUSSION**

RESIDUAL FUNCTIONAL CAPACITY

The plaintiff first asserts that the administrative law judge failed to perform a function-by-function assessment and make the necessary findings regarding the plaintiff's residual functional capacity.

The regulation explaining residual functional capacity states in relevant part:

> General. Your impairment(s), and any related symptoms 404.1545
>     Your residual functional capacity.
> (a), such as pain, may cause physical and mental limitations that affect what you can do in a work setting. Your residual functional capacity is what you can still do despite your limitations. If you have more than one impairment, we will consider all of your impairment(s) of which we are aware. We will consider your ability to meet certain

> demands of jobs, such as physical demands, mental demands, sensory requirements, and other functions, as described in paragraphs (b), (c), and (d) of this section. Residual functional capacity is an assessment based upon all of the relevant evidence. It may include descriptions (even your own) of limitations that go beyond the symptoms, such as pain, that are important in the diagnosis and treatment of your medical condition. Observations by your treating or examining physicians or psychologists, your family, neighbors, friends, or other persons, of your limitations, in addition to those observations usually made during formal medical examinations, may also be used. These descriptions and observations, when used, must be considered along with your medical records to enable us to decide to what extent your impairment(s) keeps you from performing particular work activities. This assessment of your remaining capacity for work is not a decision on whether you are disabled, but is used as the basis for determining the particular types of work you may be able to do despite your impairment(s).

Social Security Rulings address how the administrative law judge is to determine a claimant's residual functional capacity. According to S.S.R. 96-8p:

> The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis.... Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy. ...
> The RFC assessment must address both the remaining exertional and non-exertional capacities of the individual. Exertional capacity addresses an individual's limitations and restrictions of physical strength and finds the individual's remaining abilities to perform each of seven strength demands: sitting, standing, walking, lifting, carrying, pushing, and pulling. Each function must be considered separately (e.g., "the

>individual can walk for five out of eight hours and stand for six out of eight hours").

Although the administrative law judge is required to perform a function-by-function assessment of the plaintiff's abilities, such a assessment was not performed in this case. The only capacity finding made by the administrative law judge related to the weights which the plaintiff could lift and carry. (Tr. 18). This is legally insufficient because the relevant Social Security Ruling requires the administrative law judge to assess the plaintiff's ability to sit, stand, walk, reach, handle, bend, crouch, stoop, squat, climb, and crawl. S.S.R. 96-8p.

The administrative law judge found, "After careful consideration of the entire record...the claimant has residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently." (Tr. 18). This conclusion is incomplete and leaves much to be desired in regards to a proper functional capacity assessment, particularly in light of the plaintiff's limitations. Since the administrative law judge failed to perform a function-by-function assessment, it is unclear whether the Plaintiff would actually be able to perform past work. Therefore, this case should be reversed and remanded for proper assessment of the plaintiff's residual functional capacity.

PAST RELEVANT WORK

In her second assertion the plaintiff contends that the administrative law judge failed to perform a proper analysis of the plaintiff's ability to perform past work. Social Security Ruling 82-62 sets forth in detail what is required of an administrative law judge to make a finding that a claimant can return to past relevant work activity. In part, S.S.R. 82-62 states:

> Determination of the claimant's ability to do past relevant work requires a careful appraisal of (1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements; (2) medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of the work; and (3) in some cases, supplementary or corroborative information from other sources such as employers, the Dictionary of Occupational Titles, etc., on the requirements of the work as it is generally performed in the economy. The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision. Since this is an important and, in some instances, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit.

In short, S.S.R. 82-62 requires specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work.

The administrative law judge failed to perform an analysis of the plaintiff's ability to perform her past relevant work in compliance with the above requirements. The administrative law judge recited certain factors, but did not evaluate them in a manner that would allow for review by the court. It is impossible to make a determination about the plaintiff's ability to return to her past relevant work without a proper functional capacity assessment. (Tr. 20). In fact, the administrative law judge concluded that "in her past work, she (plaintiff) lifted 10 to 20 pounds and [was] able to stand and sit... Accordingly, the claimant can perform her past relevant work..." (Tr. 20). This scant analysis is hardly indicative of the plaintiff's functional ability as required by S.S.R. 82-61.

The lack of a proper residual functional capacity assessment renders the administrative law judge's decision that the plaintiff can perform her past relevant work unsupported by substantial evidence and subject to reversal.

### TREATING PHYSICIAN RULE

In her third objection the plaintiff argues that the administrative law judge erred in rejecting the opinion of the plaintiff's treating physician, Dr. Nicholson.

The Fourth Circuit Court of Appeals has held that "the opinion of a claimant's treating physician must be given great weight." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

Such opinion is entitled to great weight for it reflects an expert judgment based on a continuing observation of the patient's condition over a prolonged period of time.

While the Commissioner is not bound by the opinion of a claimant's treating physician, it may be disregarded only if there is persuasive contradictory evidence. Mitchell v. Schweiker, 699 F.2d 185, 187 (4th Cir. 1983). The administrative law judge's dismissal of Dr. Nicholson's opinion based on a general finding that it was not supported by objective evidence was too general. (Tr. 19).

In addition, the administrative law judge's assessment failed to accurately and fully summarize the evidence relied on in a manner sufficient to allow the court to determine whether the administrative law judge's assessment was based on the record as a whole.

The administrative law judge also rejected the consultative's opinions without adequate exploration.

Therefore, this matter should be remanded for proper consideration of the treating physician's opinion, and evaluation of all of the relevant medical evidence.

### PAIN EVALUATION

The plaintiff's fourth and final argument is that the administrative law judge did not properly evaluate the plaintiff's pain. In evaluating a claim of pain, the

administrative law judge should determine whether the claimant has produced evidence of a condition that could be expected to produce the pain alleged. See, Craig v. Chater, 76 F.3d 585, 594-96 (4th Cir. 1996). Once medical evidence is produced supporting the existence of a condition that could reasonably produce pain, the administrative law judge must assess the effect of pain on the claimant's residual functional capacity. See, Foster v. Heckler, 780 F.2d 1125, 1129 (4th Cir. 1986).

In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 C.F.R. §§ 404.1529(c) and 416.929(c) describe the kinds of evidence that the adjudicator must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements as to pain. Specifically the adjudicator must consider:

> 1. The individual's daily activities;
>
> 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
>
> 3. Factors that precipitate and aggravate the symptoms;
>
> 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
>
> 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;

> 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
>
> 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

An administrative law judge's assessment of a claimant's credibility regarding the severity of pain is entitled to great weight when it is supported by the record. See, Shively v. Heckler, 739 F.2d 987, 989-90 (4th Cir. 1984).

The administrative law judge did not weigh the evidence of the plaintiff's pain properly in this case. The administrative law judge found that the Plaintiff had severe impairments related to her "chest pain" but did not make a finding whether the pain limits her ability to function. (Tr. 19).

The Fourth Circuit has indicated that once the plaintiff has established the presence of a condition capable of causing significant pain and limitation, the plaintiff's subjective allegations are no longer subject to being dismissed because they are not proved by objective medical evidence. See, Mickles v. Shalala, 29 F.3d 918 (4th Cir. 1994). Here, the administrative law judge dismissed the plaintiff's allegations of a more severe level of pain, due to "rather limited clinical findings to support her alleged symptoms." (Tr. 19). Given the fact that the plaintiff met the hurdle of documenting the existence of

impairments that are capable of causing significant pain, the administrative law judge should have evaluated the plaintiff's pain based on the evidence in the record as a whole rather than relying on objective medical test results.  (Tr. 19).

## CONCLUSION

Therefore, for the aforementioned reasons, it is recommended that, pursuant to the power of this court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of §§ 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), the Commissioner's decision be reversed under sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), and the case is remanded to the Commissioner with directions to enter a decision which is sufficiently detailed for review and which complies with the Rules and Regulations of the Commissioner. See, Melkonyan v. Sullivan, 111 S.Ct. 2157 (1991).

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

May 19, 2008